# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:17-cv-01202- DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is unexhausted, the undersigned recommends dismissal of the petition.

## I.

## BACKGROUND

On September 7, 2017, Petitioner filed the instant federal habeas petition challenging a rules violation report for fighting. (ECF No. 1). On September 26, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 6). On November 7, 2017, Petitioner filed a motion "requesting an additional 30 days in which to file an amended petition or to exhaust at the Supreme Court level." (ECF No. 8). The Court construed the motion as a request for an extension of time to file a response to the order to show cause and granted an extension of time. The Court also informed

1

1 Petitioner that if he wished to stay the proceedings so that he could return to state court to
2 exhaust his claims, Petitioner must file a motion for stay that addresses the factors set forth in
3 Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 9). To date, Petitioner has not filed a response
4 to the order to show cause, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

It does not appear that Petitioner has presented his claims to the California Supreme Court. (ECF No. 1 at 5–6;[1] ECF No. 8). It is possible that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. However, as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust his claims in the instant petition. If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Therefore, dismissal is appropriate.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for nonexhaustion.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 22, 2018**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE