# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No. 1:17-cv-01202- DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND ALLOW PETITIONER TO CONVERT PETITION TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>(ECF No. 18) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is not cognizable in federal habeas corpus, the undersigned recommends that Respondent's motion to dismiss be granted and Petitioner be given the opportunity to convert the petition to a civil rights action under 42 U.S.C. § 1983.

## I.

## BACKGROUND

On September 7, 2017, Petitioner filed the instant federal habeas petition challenging a rules violation report for fighting. (ECF No. 1). On September 26, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 6). On November 7, 2017, Petitioner filed a motion "requesting an additional 30 days in which to file an amended petition or to exhaust at the Supreme Court level." (ECF No. 8). The Court construed the motion as a request for an extension of time to file

1

a response to the order to show cause and granted an extension of time. The Court also informed Petitioner that if he wished to stay the proceedings so that he could return to state court to exhaust his claims, Petitioner must file a motion for stay that addresses the factors set forth in Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 9).

Petitioner did not file a response to the order to show cause, and the undersigned issued findings and recommendation to dismiss the petition without prejudice for nonexhaustion. (ECF No. 12). On February 2, 2018, Petitioner filed objections to the findings and recommendation, indicating that he filed a state habeas petition in the California Supreme Court. (ECF No. 13). The Court vacated the findings and recommendation and ordered Respondent to file a response to the petition. (ECF No. 14).

On April 20, 2018, Respondent filed the instant motion to dismiss the petition for lack of jurisdiction because success on Petitioner's claim would not affect the fact or duration of Petitioner's confinement. (ECF No. 18). To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

## II.
## DISCUSSION

### A. Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas

corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In the instant petition, Petitioner challenges a rules violation report for fighting. (ECF No. 1 at 3).[1] Petitioner is currently serving an indefinite sentence of sixteen years to life. (Id. at 2). Therefore, success on Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement. See Nettles, 830 F.3d at 934–35 ("Success on the merits of [Petitioner]'s claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."). Based on the foregoing, Petitioner's challenge to the rules violation report is not cognizable in federal habeas corpus.

**B. Conversion to § 1983 Civil Rights Action**

Petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to submit a civil rights complaint form that names the proper defendants and seeks appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).[2]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court previously authorized Petitioner to proceed *in forma pauperis* in the instant case. (ECF No. 3).

3

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

## III.

## ORDER & RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be GRANTED; and
2. Petitioner be given the opportunity to convert the petition to a civil rights action under 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 14, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE