| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>             Respondent. | No. 1:17-cv-01202-DAD-EPG (HC)<br><br>ORDER DISMISSING HABEAS ACTION, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

On September 7, 2017, petitioner filed a federal habeas petition challenging a prison rules violation report brought against him for fighting. (Doc. No. 1.) On October 23, 2018, the court granted respondent's motion to dismiss the petition and ordered petitioner to notify the court whether he wished to convert the instant habeas proceeding to a civil rights action pursuant to 42 U.S.C. § 1983 or to voluntarily dismiss the instant habeas proceeding without prejudice to refiling his clams in a new § 1983 action. (Doc. No. 20.)

On November 19, 2018, petitioner notified the court that he wished to convert this habeas proceeding to a § 1983 civil rights action. (Doc. No. 21.) On November 26, 2018, petitioner was granted sixty days in which to assert claims he wished to bring under § 1983. (Doc. No. 22.) To date, however, no § 1983 complaint has been filed by petitioner and the time for doing so has passed. Accordingly, the court will dismiss the instant habeas action without prejudice to petitioner's pursuit of his claims in a civil rights action brought pursuant to 42 U.S.C. § 1983.

1

Finally, having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The instant habeas action is dismissed without prejudice to petitioner refiling his claims in a civil rights action brought under 42 U.S.C. § 1983;
2. The Clerk of the Court is directed to close this case; and
3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **May 7, 2019**

_____
UNITED STATES DISTRICT JUDGE